**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ENDEAVOR HOUSE, INC., et al., : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action No. 05-1901 (JAG) |
| v. : | |
| : | **OPINION** |
| CITY OF SOUTH AMBOY, : | |
| : | |
| Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of plaintiffs, Endeavor House, Inc., Recovery Centers, LLC, and Rocky Top, LLC, (collectively, "Plaintiffs"), seeking partial summary judgment on Counts One, Two, Three, and Eight of the Amended Federal Complaint,[1] and the cross-motion of defendant, City of South Amboy ("South Amboy" or "Defendant"), seeking dismissal of the amended complaint.[2]  For the reasons set forth below, this Court will

---

[1] Throughout this opinion, the Plaintiffs' amended complaint filed in this Court will be referred to as the "Amended Federal Complaint" while the amended complaint filed in the state court will be referred to as the "Amended State Complaint."

[2] While South Amboy captioned its motion as a "Cross-motion for Summary Judgment," the relief sought is dismissal of the amended complaint.  (Def.'s Br. In Opp'n to Pls.' Mot. for Partial Summ. J. and in Supp. of It's [sic] Cross-Mot. for Summ. J. to Dismiss Pls.' Compl. 36 [hereinafter "Def.'s Br."].)  Since it bases its motion on abstention grounds, South Amboy is correct in seeking dismissal as the appropriate relief "[b]ecause a dismissal (without retention of jurisdiction) on abstention grounds is in the nature of a dismissal under FED. R. CIV. P. 12b(6)." Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 745 (3d Cir. 1982).

1

exercise its discretion to abstain, and this case will be dismissed.

This case arises from a conflict between Plaintiffs, who are the owner[3] and a prospective tenant[4] of the former Memorial Medical Center ("Hospital" or "Property") in South Amboy, and the City of South Amboy regarding the allowed uses for the Property.  Essentially, Plaintiffs argue that South Amboy, in violation of N.J. STAT. ANN. § 40A:12A-7, erroneously applied South Amboy Ordinance §53-79, instead of the terms of the City's Redevelopment Plan, in determining whether the proposed use of part of the Hospital for a drug rehabilitation facility was an allowed use.  Plaintiffs contend that the local zoning ordinance does not apply to them, since the zoning terms of the Redevelopment Plan supercede the local zoning ordinance.  Plaintiffs also argue that the local ordinance violates the American with Disabilities Act ("ADA"), the Rehabilitation Act, the Federal Fair Housing Act, the Civil Rights Act, and Plaintiff's civil and Constitutional rights, and that application of the local ordinance to them would violate New Jersey's Municipal Land Use Law ("MLUL") and that such a violation of the MLUL violates their due process rights.

South Amboy argues that the case should be dismissed based on New Jersey's entire controversy doctrine, or, in the alternative, because this Court should abstain from hearing the

---

[3] Rocky Top, LLC, currently owns the former Memorial Medical Center in South Amboy.  Although not explicitly stated in the Amended Federal Complaint, Andrew Piscatelli and Drew Piscatelli apparently own or control Rocky Top.  (Am. Compl. ¶¶ 11, 16.)

[4] Endeavor House is a New Jersey corporation, and Recovery Centers is a limited liability company, licensed to provide residential health care services.  Endeavor House and Recovery Centers are referred to in the Amended Federal Complaint collectively as "Endeavor House."  (Am. Compl. ¶ 1.)

case, pursuant to either the Younger or Colorado River abstention doctrines.[5]  See Younger v. Harris, 401 U.S. 37 (1971); Colorado River Water Conservation District v. U.S., 424 U.S. 800 (1976).

**Background**

While the parties agree on some of the basic facts involved in this litigation, significant disagreement exists as to many of the facts.[6]  Since motions seeking dismissal of a case on

---

[5] "Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, 671 F.2d at 745.  The Supreme Court has recognized four types of abstention, commonly referred to by the name of the case in which the doctrine was first enunciated.  The four types of abstention are based on the cases of R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941); Burford v. Sun Oil Co., 319 U.S. 315 (1943); Younger v. Harris, 401 U.S. 37 (1971); and Colorado River Water Conservation District v. U.S., 424 U.S. 800 (1976).  While Defendant bases its arguments on the Younger and Colorado River abstention doctrines, this Court finds Pullman and Younger to be the doctrines applicable to the present case.

[6] Since this Court will analyze this case on abstention grounds, the motion will be treated as a motion to dismiss, pursuant to FED. R. CIV. P. 12b(6).  As such, this Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1357.  "Basically what this means, and it clearly is borne out by the case law is that the district judge will accept the pleader's description of what happened to him or her along with any conclusions that can reasonably be drawn therefrom.  However, the court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened, or if these allegations are contradicted by the description itself." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1357 (footnote omitted).  "Although a district court may take judicial notice of court documents, it should give both parties an opportunity to respond, at least to ensure that its view of the state proceedings is a complete one." Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1206 (3d Cir. 1992).  Here, Defendant appended the Amended State Complaint to its brief (Def.'s Br., ex. A), and Plaintiffs had the opportunity to respond in their reply brief, this Court will take notice of the Amended State Complaint.

Further, since the case will be dismissed, this Court need not reach the issues raised in Plaintiffs' motion for partial summary judgment.

abstention grounds are treated as motions to dismiss under FED. R. CIV. P. 12b(6), this Court "must accept as true the allegations contained in the plaintiffs' complaint." Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 745 (3d Cir. 1982). Therefore, the following factual summary is based on the allegations contained in the Amended Federal Complaint.

In 2000, the Memorial Medical Center ("Property" or "Hospital") filed for bankruptcy. (Am. Compl. ¶ 9.) Andrew Piscatelli and Drew Piscatelli negotiated for the purchase of the Hospital, intending to rehabilitate and develop it. (Id. at ¶ 10.) On July 13, 2001, Rocky Top, LLC, a corporate entity apparently controlled by the Piscatellis, obtained the Hospital. (Id. at ¶ 11.) After declaring the area surrounding the Hospital an area in need of redevelopment, pursuant to N.J. STAT. ANN. § 40A:12A-1, South Amboy adopted a Redevelopment Plan for the area on July 15, 2002. (Id. at ¶¶ 17-18.)

Endeavor House and Recovery Centers, referred to collectively in the Amended Federal Complaint as "Endeavor House," provide residential health care services. (Id. at ¶ 1.) Specifically, Endeavor House operates facilities for outpatient and residential drug and alcohol rehabilitation. (Id. at ¶ 19.) During the summer of 2004, Endeavor House sought to rent space in the Hospital. (Id. at ¶ 21.) Prior to signing a lease, Andrew Piscatelli, on behalf of Endeavor House, sought approval from the South Amboy Zoning Officer for Endeavor House's proposed use of part of the Hospital. (Id. at ¶ 22.) The Zoning Officer initially approved the application (id. at ¶ 23), but later revoked the approval. (Id. at ¶ 29.) This revocation, combined with other alleged abusive actions by officials of South Amboy, prompted Plaintiffs to file their complaint

in this Court[7] and in Superior Court in the State of New Jersey.[8]

The Amended Federal Complaint contains eight counts, all of which involve the inter-relationship of South Amboy Ordinance §53-79, the Redevelopment Plan, and New Jersey's Redevelopment and Housing Law, set forth in N.J. STAT. ANN. title 40A, chapter 12A. Specifically, Plaintiffs (1) allege that South Amboy Ordinance §53-79 violates the ADA and is unconstitutional; (2) allege that South Amboy Ordinance §53-79 violates the Rehabilitation Act and is unconstitutional; (3) allege that South Amboy Ordinance §53-79 violates the Federal Fair Housing Act and is unconstitutional; (4) allege that application of South Amboy Ordinance §53-79, and the ordinance on its face, is discriminatory, and violates the equal protection and due

---

[7] The case before this Court commenced with the filing of the complaint on April 8, 2005.

[8] On February 14, 2005, in the Superior Court of Middlesex County, Rocky Top filed an amended complaint against the City of South Amboy in Docket No. MID-C-167-4. The record before this Court lacks any information as to when the state court action commenced. The Amended State Complaint alleges facts similar to the facts set forth in the Amended Federal Complaint pending before this Court, with the exception of some specific factual references to Endeavor House's permit application process. However, Endeavor House is referenced in four of the eight specific counts. The eight counts, with one exception, closely track the counts in the Amended Complaint pending before this Court. The state counts are: (1) seeking declaratory judgment that the Redevelopment Plan supercedes the provisions of the local zoning ordinance, and that all of the uses intended by Rocky Top are permitted by the Redevelopment Plan; (2) alleging that South Amboy Ordinance §53-79 violates the ADA and is unconstitutional; (3) alleging that South Amboy Ordinance §53-79 violates the Rehabilitation Act and is unconstitutional; (4) alleging that South Amboy Ordinance §53-79 violates New Jersey's Law Against Discrimination and is unconstitutional; (5) alleging that application of South Amboy Ordinance §53-79, and the ordinance on its face, violate the equal protection and due process rights of Rocky Top, Endeavor House, and Endeavor House's prospective clients, and the ordinance is therefore unconstitutional; (6) alleging that South Amboy's actions in attempting to revoke permits for Tochukwu Enemuo for operation of a pharmacy in the Hospital discriminated against him and violated the Civil Rights Act; (7) alleging that actions of the Mayor and city officials violated the MLUL; and (8) alleging actions of the Mayor and city officials in violation of the MLUL also violated Rocky Top's procedural due process rights.

process rights of Rocky Top, Endeavor House, and Endeavor House's prospective clients, and the ordinance is therefore unconstitutional; (5) allege that South Amboy's actions in attempting to revoke permits for Endeavor House discriminate against it in violation of the Civil Rights Act; (6) allege that actions of the Mayor and city officials violated the MLUL; (7) allege actions of the Mayor and city officials in violation of the MLUL also violated Plaintiffs' procedural due process rights; and (8) seek a declaratory judgment that the proposed use of the Hospital by Endeavor House is permitted by the Redevelopment Plan, which supercedes the local zoning ordinance.

## Legal standard and analysis

### *Younger* abstention

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by state courts." Younger, 401 U.S. at 43. As a result, "[a] federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (citing Younger). "However, the Supreme Court has recognized that abstention is an 'extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" Heritage Farms, 671 F.2d at 746 (citing County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)).

The Third Circuit has found that "Younger abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Addiction Specialists, 411 F.3d at 408.  See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  However, "the mere existence of a pending state proceeding between the parties that parallels the facts of the federal action is not in itself sufficient" to invoke Younger abstention.  Id.  Rather, "[a]ll three prongs must be satisfied in order for a federal court to properly abstain from exercising its jurisdiction over a particular complaint."  Id.

With this framework in mind, this Court turns to the facts of the present case. Considering the three Younger factors, the first and third factors are easily addressed.  Clearly, the pending action in the Superior Court of Middlesex County constitutes an "ongoing state proceeding[] that [is] judicial in nature."  Additionally, this proceeding affords Plaintiffs the opportunity to raise their federal claims, particularly in light of the fact that all but one of the federal claims – the alleged violation of the Federal Fair Housing Act – have already been raised in the state court action.

The second prong – whether the proceedings implicate an important state interest – requires more careful consideration.  The Third Circuit has long recognized that "zoning and land use issues are of traditional significance to states [making it] often appropriate to invoke abstention to avoid deciding land use cases in federal court, particularly where a state court has already undertaken a review of the local zoning decision at issue."  Addiction Specialists, 411 F.3d at 409 (citing Heritage Farms, 671 F.2d at 747)).  However, simply having a factual

7

background that involves zoning and land use is not enough to invoke Younger abstention. Id. That is, "[i]t is incumbent upon district courts, faced with a claim arising out of land use questions, to examine the facts carefully to determine what the essence of the claim is. . . . [T]he mere presence of land use issues should not trigger a mechanical decision to abstain." Heritage Farms, 671 F.2d at 748.

A few years later, the Third Circuit again admonished district courts to ensure that they "adequately examine the facts and claims alleged in the federal and state actions" before making a decision to abstain. Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1203 (3d Cir. 1992).

In addition, the Third Circuit has recognized that while there are occasions when a plaintiff "has raised federal *claims* that do not interfere with state proceedings, certain aspects of its requested *relief* potentially may interfere with the state proceedings if such relief is fashioned too broadly." Gwynedd Properties, 970 F.2d at 1204 n.13. That is, "abstention is appropriate to the extent an injunction enjoining the [township] from denying approvals and permits would result in a *de facto* review of the township's zoning decisions currently under review in the state courts." Id. at 1204.

Here, the relief Plaintiffs seek includes (1) declarations that South Amboy Ordinance § 53-79 and the revocations of the permits are unconstitutional, invalid, void and inapplicable to the Redevelopment Zone, (2) an order requiring South Amboy to issue all necessary permits, approvals, and certificates of occupancy for Endeavor House and all other tenants to operate at the Property in accordance with the Redevelopment Plan; (3) a declaration that South Amboy's actions in violation of the MLUL denied Plaintiffs their due process rights; and (4) monetary

8

damages. (Am. Compl. ¶¶ 73, 77, 81, 85, 87, 91, 95, 100.) Identical relief is sought in the state court proceeding. (First Am. Compl. Docket No. MID-C-167 ¶¶ 49, 58, 62, 67, 71, 73, 77, 81.) As a result, this Court concludes that abstention is appropriate in this case since granting the relief requested would result in a *de facto* review of South Amboy's zoning ordinance and Redevelopment Plan, as well as require an interpretation of the state-wide redevelopment law, all of which are currently, and unquestionably, under consideration in the state proceeding.

The Third Circuit has also admonished district courts to pay particular attention to the alleged actions and conduct of government officials in applying zoning and land use laws when evaluating land use cases. See Heritage Farms, 671 F.2d at 748 ("The policies embodied in the Municipalities Planning Code are not being attacked – it is rather the application of those policies by a single township that is at issue."); Gwynedd Properties, 970 F.2d at 1202 ("Unlike the state proceedings in which the legality of land use ordinances are at issue, here, [plaintiff] alleges that the defendants have *applied* these ordinances maliciously in order to deprive [plaintiff] of its federal constitutional and statutory rights." (emphasis in original)); Addiction Specialists, 411 F.3d at 410-411 ("In order to decide whether the Township has engaged in willful and malicious application of the state and local land use policies, the District Court need not touch on the zoning policies themselves or the facial validity of [§ 621 of the state statute] and section 12.400 of the Township Zoning Ordinance."). However, since the relief sought in this case would so clearly interfere with the pending state court action, this Court concludes that that consequence outweighs the impact of any alleged governmental actions in connection with the application of the zoning and land use laws. See Gwynedd, 970 F.2d at 1204 ("To the extent an injunction . . . would have the effect of nullifying the pending state . . . injunction proceedings, *Younger*

abstention is appropriate.").

> *Pullman* abstention

"Pullman abstention[] may be invoked where there is an unsettled question of state law, the resolution of which would affect the decision of a federal constitutional issue, either by obviating the need to decide it or by changing the light in which it must be viewed." Heritage Farms, 671 F.2d at 746. "The doctrine requires that the question of state law be unsettled." Id. at 747. "[T]he mere presence of a 'potentially dispositive question of state law' has never been a sufficient basis in itself for declining federal jurisdiction under Pullman." Id.

Applying the Pullman abstention doctrine, this Court would also be required to abstain from considering this case. While seeking application of the Redevelopment Plan to their property, Plaintiffs also challenge the constitutionality of South Amboy Ordinance §53-79. This Court would only need to reach the question of the constitutionality of South Amboy Ordinance §53-79 if it, instead of the Redevelopment Plan, is the controlling zoning regimen.

The question of which zoning law – the Redevelopment Plan or Ordinance §53-79 – applies to the Property is an unresolved question of state law. That is, the New Jersey Supreme Court has not addressed the specific question of whether a redevelopment plan overrides the authority of a local ordinance. While the Appellate Division has acknowledged that N.J. STAT. ANN. § 40A:12A-7(c) "appears to support" the view that a redevelopment plan would control, the court concluded that it was "not required to deal with these broad generalities" because the case before it could be decided on a narrower issue. First Montclair Partner, L.P. v. Herod Redevelopment I, L.L.C., 885 A.2d 952, 954-955 (N.J. Super. Ct. App. Div. 2005).

As the Third Circuit has noted, "zoning and land use issues are of traditional significance

10

to states [making it] often appropriate to invoke abstention to avoid deciding land use cases in federal court, particularly where a state court has already undertaken a review of the local zoning decision at issue." Addiction Specialists, 411 F.3d at 409 (citing Heritage Farms, 671 F.2d at 747)).  Since an important state interest involving an unresolved question of state law forms the crux of this case, this Court shall exercise its discretion and abstain from hearing this case.

## Conclusion

As discussed above, in light of the ongoing state proceedings that involve not only the same legal issues, but also seek the same relief, all three Younger factors are satisfied in this case.  Additionally, before reaching the federal constitutional claims, unresolved questions of state law would have to be addressed.  Therefore, both the Younger and Pullman abstention doctrines provide a compelling basis for this Court will abstain from hearing this case.  The application of the Younger and Pullman abstention doctrines shall result in the dismissal of the Amended Federal Complaint.  Defendant's cross-motion seeking dismissal of the Amended Federal Complaint is granted.  Plaintiffs' motion seeking partial summary judgment is denied.


Date: June 27, 2006

                                                 S/Joseph A. Greenaway, Jr.
                                                 JOSEPH A. GREENAWAY, JR., U.S.D.J.